**Michael L. SHAKMAN and Paul M. Lurie, et al., Plaintiffs,**

v.

**The DEMOCRATIC ORGANIZATION OF COOK COUNTY, et al., Defendants.**

**No. 69 C 2145.**

United States District Court, N.D. Illinois, E.D.

April 4, 1983.

Robert Plotkin, Plotkin & Jacobs, Ltd., C. Richard Johnson, Isham, Lincoln & Beale, Roger R. Fross, Lord Bissell & Brook, Chicago, Ill., for plaintiffs.

Francis J. Higgins, John J. Verscaj, Larry L. Thompson, Bell, Boyd & Lloyd, Chicago, Ill., for defendants, City of Chicago and Mayor Jane M. Byrne.

Peter Fitzpatrick, Peter Fitzpatrick & Associates, Chicago, Ill., for defendants, The Democratic Organization of Cook County and other designated defendants.

Richard M. Daley, State's Atty. of Cook County by Timothy J. Murphy, Asst. State's Atty., Chicago, Ill., for defendants of Cook County, George W. Dunne, President, Board of Com'rs of Cook County, Richard J. Elrod, Sheriff, Thomas C. Hynes, Assessor, Stanley T. Kupser, Jr., Clerk, Edward J. Rosewell, Treasurer.

Mark K. Schoenfield, Jerome H. Torshen, Jerome H. Torshen, Ltd., Chicago, Ill., for defendant, Morgan M. Finley, Clerk of the Circuit Court of Cook County, Illinois.

Robert E. Wiss, Jeff D. Harris, Foran, Wiss & Schultz, Chicago, Ill., for defendant, The Chicago Park Dist.

## JUDGMENT

BUA, District Judge.

The instant Judgment represents the implementation order with regard to the hiring aspect of the *Shakman* case. The case began in 1969 when the U.S. District Court for the Northern District of Illinois, Marovitz, J., dismissed the complaint of the plaintiffs. *Shakman v. Democratic Organization of Cook County,* 310 F.Supp. 1398 (N.D.Ill.1969). On appeal from the dismissal, the Seventh Circuit reversed. *Shakman v. Democratic Organization of Cook County,* 435 F.2d 267 (7th Cir.1970). After the Supreme Court denied certiorari, 402 U.S. 909, 91 S.Ct. 1383, 28 L.Ed.2d 650 (1971), settlement negotiations began. On May 5, 1972, the Court approved and entered a Consent Decree relating to those employees already hired as government employees. In essence, the Decree purported to free the government employees from all coercion and employment discrimination based on political considerations.[1] *See, Shakman v. Democratic Organization of Cook County,* 481 F.Supp. 1315, 1356 (N.D.Ill.1979).[2]

On September 24, 1979, this Court granted plaintiffs' Motion for Partial Summary Judgment. *Shakman v. Democratic Organization of Cook County,* 481 F.Supp. 1315 (N.D.Ill.1979). The Court essentially found that in hiring persons for governmental employment, the defendants listed in Paragraph C below illegally conditioned, based, and affected the hiring of persons for government employment upon and because of their political sponsorship, affiliation and support. In so holding, the Court left the specific form of the remedy for another time. Numerous hearings have been held and voluminous memoranda have been considered concerning the form of relief as it is presented herein.

The Judgment is entered to provide relief for the violations of plaintiffs' rights as determined in the September 24, 1979 order and to prevent further such violations. The Court is authorized to enter such relief under its equity powers as recognized in *Brown v. Board of Education,* 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955). *See also, Swann v. Charlotte-Mecklenburg Board of Education,* 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971).

As required by *Hills v. Gautreaux,* 425 U.S. 284, 96 S.Ct. 1538, 47 L.Ed.2d 792 (1976), the nature of the relief contained herein has been tailored to fit the nature and extent of the violations which have been found. The Judgment goes no further than to attempt to eliminate political considerations in the hiring of government employees. It does not impose a civil service system nor does it necessitate that a merit system be utilized.

Therefore, it is hereby Ordered, Adjudged, and Decreed as follows:

A. *Jurisdiction.* This Court has jurisdiction of the parties to this Judgment and of

---

1. Most often, the Consent Decree has been utilized as a basis for a Petition For A Rule To Show Cause why a particular defendant should not be held in contempt of court in connection with the termination of an employee.

2. The parties to the original Consent Decree are set out therein. On April 3, 1978, the Consent Decree was entered binding the Cook County Treasurer as of November 30, 1973; the Cook County State's Attorney as of April 3, 1973; the Republican County Central Committee as of May 18, 1972; and the Forest Preserve District as of June 28, 1972. On June 27, 1980, the Consent Decree was entered binding the Cook County Sheriff and the Chicago Park District.

the subject matter of this action under Sections 1331 and 1343(3) of Title 28 of the United States Code.

B. *Definitions.* As used in this Judgment (1) the term "Government Employment" means any employment (whether full-time or part-time, permanent or temporary, and regardless of whether the employment is paid for by Federal funds) by or for the City of Chicago or any employment within the Northern District of Illinois by or for the County of Cook or any other nonfederal governmental officer or entity; (2) the terms "Governmental Employee" and "Employee" mean a person employed in Governmental Employment; (3) the term "Exempt Position" means a Governmental Employment job, which is determined to be exempt from the provisions of Paragraphs D and E of the Consent Judgments and Paragraphs D through M, inclusive, of this Judgment, all as provided in Paragraph N below; (4) the term "Consent Judgments" means the Judgments previously entered in this case as to defendants listed in Paragraph C below upon the consent of plaintiffs and various defendants on May 5, 1972, April 3, 1978, and June 27, 1980; and (5) the term "Defendant Public Employer" means each defendant listed in Paragraph C which is a governmental unit or who is a governmental officeholder (and the successors in office to those persons).

C. *Persons Bound.* The provisions of this Judgment apply to the following: (1) Defendants: CITY OF CHICAGO; JANE M. BYRNE, individually and as Mayor of the City of Chicago; FOREST PRESERVE DISTRICT OF COOK COUNTY, Illinois; CHICAGO PARK DISTRICT; RICHARD J. ELROD, individually and as Sheriff of Cook County, Illinois; MORGAN M. FINLEY, individually and as Clerk of the Circuit Court of Cook County, Illinois; EDWARD J. ROSEWELL, individually and as Treasurer of Cook County, Illinois; STANLEY J. KUSPER, JR., individually and as Clerk of Cook County, Illinois; THOMAS C. HYNES, individually and as Assessor of Cook County, Illinois; GEORGE W. DUNNE, individually, as President of the Board of Commissioners of Cook County, Illinois and as President of the Board of Commissioners of the Forest Preserve District of Cook County, Illinois; DEMOCRATIC PARTY COUNTY CENTRAL COMMITTEE FOR COOK COUNTY and its members; EDWARD R. VRDOLYAK, individually and as Chairman of the Democratic Party County Central Committee for Cook County, Illinois; (2) their successors in each of those capacities; (3) the present and future officers, members, agents, servants, employees and attorneys of each of those Defendants and others named or referred to in this paragraph; and (4) all others in active concert or participation with Defendants or others named or referred to in this paragraph who receive actual notice of this Judgment, by personal service or otherwise.

D. *Declaratory Relief.* It is hereby declared that the conditioning, basing, or affecting of the hiring of Governmental Employees (other than for Exempt Positions) upon or because of any political reason or factor including, without limitation, any prospective employee's political affiliation, political support or activity, political financial contributions, promises of such political support, activity or financial contributions or such prospective employee's political sponsorship or recommendation is prohibited.

E. *Injunction.* Defendants and all others named or referred to in Paragraph C above are permanently enjoined from directly or indirectly, in whole or in part:

(1) conditioning, basing or knowingly prejudicing or affecting the hiring of any person as a Governmental Employee (other than for Exempt Positions), upon or because of any political reason or factor including, without limitation, any prospective employee's political affiliation, political support or activity, political financial contributions, promises of such political support, activity or financial contributions, or such prospective employee's political sponsorship or recommendation; or

(2) knowingly inducing, aiding, abetting, participating in, cooperating with

the commission of any act which is proscribed by this Paragraph E, or threatening to commit any act proscribed by this Paragraph E.

F. *Plan of Compliance.* Each Defendant Public Employer shall, not later than 120 days from the date this Judgment becomes effective, file with the Court, with copies to all parties to this Judgment, a Plan of Compliance to implement this Judgment.

The Plan of Compliance shall set forth in detail a method or methods of hiring to be used for all Governmental Employment positions (other than Exempt Positions) with that employer. Each such method of hiring shall establish criteria for hiring which shall establish on an objective basis that the method complies with Paragraphs D and E above. The method or methods of hiring set forth in the Plan of Compliance shall be within the discretion of the Defendant Public Employer, as long as the method or methods comply with the requirements of this Judgment.

Each Plan of Compliance shall also provide for the instruction of persons having responsibility for hiring as to the requirements of this Judgment and the Plan of Compliance and shall provide for the monitoring of compliance with this Judgment and the Plan of Compliance.

Any party believing that the Plan of Compliance of any Defendant Public Employer is not in compliance with this Judgment, or is inadequate to ensure compliance with this Judgment may apply to the Court for further orders to enforce compliance, including directing changes in the Plan of Compliance. Within one year of the date this Judgment becomes effective, each Defendant Public Employer shall implement the Plan of Compliance as so filed and as it may be so changed.

A Plan of Compliance may contain provisions providing for the means by which hiring methods may be changed, consistent with this Judgment, and shall provide for appropriate notice to be given the parties of such proposed changes.

G. *Notices of Job Availability.* Each Defendant Public Employer, and all others named or referred to in Paragraph C above, are permanently enjoined from hiring any person for any Governmental Employment position (except Exempt Positions and except, as provided below, for emergency hiring) unless prior public notice of the opportunity to apply for and be hired for the job has been given. This requirement shall apply to hiring of persons after a date 60 days after this Judgment becomes effective.

During the period of ten years after this Judgment becomes effective, the method of giving notice shall be as provided by this paragraph, unless an alternative method is approved by the Court. The notice shall be given at least 14 days before the last date for which applications may be submitted for consideration for the job. The notice shall include a description of the nature of the job, the qualifications, the pay, and how and where to apply for the job. The notice shall be given in the following manner:

(1) by prominently posting the notice for inspection by the general public at each place where persons may make application for Governmental Employment with that Defendant Public Employer. (A list of all such available job opportunities with the Defendant Public Employer shall similarly be posted. The list must be updated at least monthly. Copies of the list and of all such notices shall be provided free of charge to each person who requests a copy in person); and

(2) by mailing copies of the list of available job opportunities to each person who shall have requested receiving such notices by mail. (Defendant Public Employers may provide in their Plan of Compliance for a charge to persons requesting notices by mail of a reasonable fee to cover postage costs.)

In lieu of the manner set forth in Subparagraphs G(1) and G(2), notice may be given in the manner required by statute as to any position which is to be filled by the highest ranking applicant on competitive examinations.

A Plan of Compliance may make provision for establishing reasonable limits on the period during which a person shall be entitled to continue to receive by mail notices of job opportunities after having most recently requested the notice.

A Plan of Compliance may make reasonable provisions for hiring persons in exceptional, emergency situations without prior notice having been given as provided in this paragraph. Any such provision shall contain rigorous limitations on the number of persons who may be so hired in a year. The Plan of Compliance shall also provide for regular reports to the Court of instances in which such emergency hiring was made, setting forth the reasons why it was an emergency situation, including why it was not possible to have made arrangements by which the hiring could have been made upon prior notice.

H. *Notice of List of Jobs.* Each Defendant Public Employer shall cause to be published, at least once each calendar quarter for a period of ten years following the date this Judgment becomes effective, in the "help wanted" section of a Chicago daily newspaper having a circulation of greater than 200,000, a prominent notice of the existence and availability of the list described in Subparagraph G(1), stating where the list is available for public inspection, where copies may be obtained in person and how persons may receive copies of the list by mail.

I. *Notice to Employees.* Each Defendant Public Employer shall cause a copy of the Notice which is attached to this Judgment, together with a copy of this Judgment, to be delivered within 30 days of the date this Judgment becomes effective to each Governmental Employee of such Defendant.

J. *Notice to Job Applicants.* Each Defendant Public Employer is directed, for a period of ten years following the date this Judgment becomes effective, to cause copies of the Notice referred to in Paragraph I, together with a copy of this Judgment, to be delivered to each applicant for Governmental Employment with such Defendant Public Employee. The Notice shall be delivered to each applicant no later than the time the applicant is furnished a job application for the Governmental Employment position.

K. *Posting of Judgment.* A copy of this Judgment and a copy of the Notice referred to in Paragraph I shall be prominently posted at each place where persons may make applications for employment with each Defendant Public Employer. Copies of this Judgment and such notice shall remain so posted for a period of ten years following the date this Judgment becomes effective. A notice similarly posted shall state that copies of the notice referred to in Paragraph I and of this Judgment are available to any person who requests them.

L. *Affidavits of Compliance.* Each Defendant Public Employer shall cause to be filed with the Clerk of this Court within 45 days of the date this Judgment becomes effective an affidavit showing compliance with Paragraph I. Each Defendant Public Employer shall cause to be filed with the Clerk of this Court prior to the last day of each calendar quarter, beginning with the year in which this Judgment becomes effective and ending ten years after that year, an affidavit showing compliance with Paragraphs G, I, J and K for the period since the last date covered by the most recent affidavit. Such quarterly affidavits shall list the name and position of all persons hired since the most recent such affidavit by each such Defendant Public Employer. The affidavits shall also disclose the name and party position of every person, reasonably known to the Defendant Public Employer to be a political party official, member, employee or agent, who has directly or indirectly recommended or sponsored the Employee for Governmental Employment. Nothing in this paragraph shall require any person to make any inquiry as to any person's political affiliation.

M. *Annual Reports.* In each of the years 1983 through 1992, inclusive, each Defendant Public Employer shall file a verified report (prior to March 1 of the year), with copies to all parties to this Judgment,

detailing all steps taken in the preceding year to implement the Plan of Compliance referred to in Paragraph F and otherwise to comply with this Judgment and also stating all changes in methods of hiring persons for Governmental Employment made since the last date covered by the last such report or, in the case of the first report, since the date this Judgment becomes effective.

N. *Exempt Positions.* Defendant Public Employers may, from time to time, apply to the Court for a determination that political party affiliation or activity are appropriate requirements for the effective performance of certain Governmental Employment positions and therefore that hiring for or discharge from such positions should be exempt from inquiry under this Judgment and the Consent Judgments. Prior to entry of an order of Court determining a position to be an Exempt Position, no position shall be exempt from this Judgment and no action with respect to any such position shall be exempt from inquiry under this Judgment, except as provided in Paragraph O of this Judgment.

O. *Interim Exempt Positions.* Each Governmental Employment Position which is listed or referred to in the List of Interim Exempt Positions, a copy of which is attached to and made a part of this Judgment, shall be treated as a position, the hiring for which is, during the period specified in this Paragraph O, exempt from the provisions of Paragraphs D through M of this Judgment. The period during which such positions with a Defendant Public Employer shall be so exempt is the period beginning on the date this Judgment becomes effective and ending when the Court enters its first order, pursuant to Paragraph N of this Judgment, determining which positions with that employer are to be Exempt Positions. That a position is listed or not listed as an interim Exempt Position shall have no bearing whatsoever on the determination of whether a position shall be determined to be or not to be an Exempt Position pursuant to Paragraph N of this Judgment or pursuant to Paragraph H of the Consent Judgments.

P. *Consent Judgments.* This Judgment is in addition to the Consent Judgments and is issued pursuant to Paragraph H of the Consent Judgments.

Q. *Jurisdiction Retained.* Jurisdiction is retained for the following purposes:

(1) To enable the parties to this Judgment to apply to this Court for orders determining which Governmental Employment positions are Exempt Positions as provided in Paragraph N;

(2) To enable the parties to this Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of the Consent Judgments and this Judgment, for the enforcement of compliance with the provisions contained in the Consent Judgments and this Judgment, and for remedy for the violation of any of those provisions. Application to enforce those provisions or to remedy any violation may be presented to this Court by any registered voter. Prior written notice of all such applications and other matters in this action shall be given to the named parties to this Judgment;

(3) To enable the parties to this Judgment to apply at any time for modifications to the requirements of Paragraphs F through M of this Judgment, which modifications shall be warranted by good cause and consistent with or necessary for the implementation of Paragraphs D and E;

(4) To determine whether provisions of this Judgment which by their terms may expire upon a term of years should be extended for a further period; and

(5) To determine the amount of plaintiffs' costs and attorneys' fees. Defendants shall pay plaintiffs' costs and attorneys' fees if so determined by Court order.

R. *Effectiveness.* The Court expressly finds and determines, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay.

It directs that this Judgment now be entered and be effective upon its entry.

IT IS SO ORDERED.

### LIST OF INTERIM EXEMPT POSITIONS

I. The following are the interim Exempt Positions with defendant City of Chicago:

1. Each elected official.
2. A private secretary for each elected official.
3. Members of boards and commissions whose appointment is subject to confirmation by the City Council.
4. Administrative assistants to the Mayor, and such employees of the Mayor's office as are appointed by the Mayor.
5. Executive heads of City departments.
6. Employees of the City Council.
7. Up to 250 additional employees to be selected in the discretion of the City.

II. The following are the interim Exempt Positions with defendant Chicago Park District:

1. The members of the Board of Commissioners and the General Superintendent.
2. A private secretary for each member of the Board of Commissioners and for the General Superintendent.
3. Executive heads of the various departments.
4. Up to 20 additional employees to be selected in the discretion of the Chicago Park District.

III. The following are the interim Exempt Positions under the jurisdiction of the defendant Cook County officers and the Forest Preserve District of Cook County:

1. Each elected official.
2. A private secretary for each elected official.
3. Members of all boards and commissions whose appointment is subject to confirmation by the Board of Commissioners of Cook County (or the Forest Preserve District of Cook County) or whose appointment is provided for by statute.
4. Executive heads of departments with County officers or the Forest Preserve District.
5. Up to 125 additional employees to be selected in the discretion of the Board of Commissioners of Cook County.

Where, as provided in this list, a Defendant Public Employer may, in its discretion, designate certain positions among the interim Exempt Positions, the Employer must file the list of positions with the Court, with copies served on all parties, at least two weeks prior to the positions becoming interim Exempt Positions.

### IMPORTANT NOTICE

TO: ALL EMPLOYEES OF _____ AND TO ALL APPLICANTS FOR JOBS WITH THAT GOVERNMENTAL OFFICE OR ENTITY:

On April 4, 1983, a Judgment was entered in the United States District Court for the Northern District of Illinois in the case of *Michael L. Shakman, et al. v. The Democratic Organization of Cook County, etc.,* No. 69 C 2145.

The Judgment prohibits "conditioning, basing or affecting the *hiring*" of governmental employees (except certain Exempt Employees) upon or because of any political reason or factor. A copy of the Judgment is attached. Please read it carefully and abide by all its provisions. Key points of the Judgment are summarized below.

*Prohibited Activity*

The Judgment contains a permanent injunction against any person to whom it applies as discussed below (if you are an employee of any of the listed public employers, this includes you) from conditioning, basing or affecting the hiring of any governmental employee (except certain Exempt Employees) upon any political reason or factor. HIRING MUST NOT BE BASED UPON OR AFFECTED BY THE

PROSPECTIVE EMPLOYEE'S POLITICAL AFFILIATION, POLITICAL SUPPORT OR ACTIVITY, POLITICAL FINANCIAL CONTRIBUTION, PROMISES OF SUCH POLITICAL SUPPORT, ACTIVITY OR FINANCIAL CONTRIBUTION. Nor may hiring be based upon or affected by the prospective employee's political sponsorship or recommendation.

The Judgment defines "governmental employee" as any full or part-time employee within the Northern District of Illinois by the State of Illinois, County of Cook, City of Chicago or any other non-federal governmental entity.

*Applicability*

The Judgment applies to the City of Chicago and its Mayor; the Forest Preserve District of Cook County; the Clerk of the Circuit Court of Cook County; Treasurer, Clerk, Assessor and Sheriff of Cook County; the President of the Board of Commissioners of Cook County, the President of the Board of Commissioners of the Forest Preserve District of Cook County; the Chairman of the Democratic Party County Central Committee for Cook County; the Democratic Party County Central Committee for Cook County and its members; and the Chicago Park District. It applies to such persons individually and in their official capacities. It also applies to their successors in office, to all of their agents and employees and to all others who receive notice of the Judgment and who are in active concert or participation with any of such persons.

*Violations*

VIOLATIONS OF THE JUDGMENT MAY CONSTITUTE CONTEMPT OF COURT AND MAY BE PUNISHABLE BY FINE OR IMPRISONMENT. The Judgment becomes effective upon its entry on April 4, 1983. If you know of any violations of the Judgment, you may report them to your job supervisor or to the ————— or you may report them to the Court by letter addressed to the Clerk of the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604.

Any registered voter is entitled to bring complaints concerning any violations of the Judgment before this United States District Court in accordance with the provisions of Paragraph Q of the Judgment.

*Exemptions*

The Judgment permits the defendant public employers to apply for determinations that particular jobs are exempt from this and the earlier judgments as to those governmental employment positions for which party affiliation or considerations are an appropriate requirement for the effective performance of the jobs. A limited number of positions have been exempted from the Judgment on an interim basis until the Court rules on any applications of defendants for exemptions. A list of interim exemptions is available from your employer.

*Notices of Job Openings*

The Judgment requires that notice and a description of the availability of governmental employment positions (other than exempt positions) be made public in the following ways:

(1) By posting the notice at all employment offices of each defendant public employer. A list of all available job opportunities is similarly to be posted. Copies of notices and the list are to be available upon request. The existence and availability of such list is to be publicized quarterly in a newspaper help wanted section.

(2) By mailing to any person who requests receiving such notice.

No person may be hired for such a non-exempt position, except in emergency situations, unless notice of the job has been given as specified in the Judgment.

*Prior Judgments*

Previous Consent Judgments in the case, entered in 1972, April 3, 1978, and June 27, 1980, remain in effect. They prohibit discharging or otherwise affecting or basing any term or aspect of governmental employment with regard to a person *once hired* upon any political reason or factor.

APPENDIX

June 21 nunc pro tunc June 20, 1983

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION OF CITY OF CHICAGO AND ITS MAYOR TO ENTER JUDGMENT

The City of Chicago and its Mayor have moved the Court to enter a form of Judgment as to them, supplanting as to them the Judgment of April 4, 1983. Plaintiffs have consented to that Motion. A hearing has been held as to the fairness, reasonableness and adequacy of this resolution of this case as to these two defendants. On the basis of the evidence and other matters presented at the said hearing and the entire record in this case, the Court makes the following findings of fact and conclusions of law:

*Findings of Fact*

1. Pursuant to and in full compliance with the Federal Rules of Civil Procedure, including without limitation Rule 23, due and adequate notice was given to persons who are members of the plaintiff classes advising them of the Motion and of their opportunity to be heard with respect to it. In addition, the City of Chicago has given due and adequate notice of the Motion to all of its employees presently holding positions which would be made exempt positions under the proposed Judgment.

2. No objections to the Motion have been filed by any person with respect to the rights of the plaintiff classes. The only statement received by the Court from such a person was the statement of the Independent Voters of Illinois—Independent Precinct Organization. That statement was in favor of the Motion.

3. Statements of intention to object to the Motion were filed by an Amicus for employees, by various individual employees and by defendant Democratic Organization of Cook County.

4. The City of Chicago and plaintiffs have consented to the entry, in addition to the proposed Judgment, of an ancillary Order by which jurisdiction is retained by this Court so that, within three years, current holders of the positions to be exempted could, upon the occurrence of a discharge or demotion, ask the Court to delete the position from Part G of the Schedule of Exempt Positions which is a part of the proposed Judgment. In the light of this suggested ancillary Order, those persons who had indicated their intention to object and who appeared at the hearing withdrew all objections. No objections were presented at the hearing.

5. The Motion is recommended by counsel for the City and its Mayor and by counsel for the plaintiffs. Counsel for the plaintiffs are competent counsel experienced in class action and constitutional litigation.

6. This Order is entered after an earlier hearing on the remedy to be granted. That hearing covered, *inter alia,* the question of the number of temporary exemptions to be granted to the defendant governmental entities and offices. The factual presentation made at the earlier hearing with respect to remedy and exemptions was sufficient for the Court to evaluate the strength of the plaintiffs' case and any risks of continued litigation.

7. The proposed Judgment closely follows the text of the Court's own Judgment of April 4, 1983. The principal difference concerns the number of exemptions. The proposed Judgment, which would exempt approximately 1200 City employees (about 900 under the jurisdiction of the Mayor), consists principally of what has been characterized as management employees of the City, together with a certain number of staff assistants and executive secretaries. Exemptions of this kind and in this number will not materially affect the safeguarding of the rights of the plaintiff classes of independent voters and candidates.

8. The proposed resolution of the case as to the City of Chicago and its Mayor will, if properly implemented, essentially eliminate the contribution of the City and its Mayor to the patronage employment system's violations of plaintiffs' rights. It will, if properly implemented, ensure that the City does not by a patronage employment system

deny plaintiff candidates an equal chance in elections and plaintiff voters an equal voice.

### Conclusions of Law

A. The proposed Judgment constitutes a fair, reasonable and adequate resolution of the claims as to the City and its Mayor with respect to the rights of the plaintiff classes.

B. The proposed Judgment neither initiates nor authorizes any unconstitutional conduct.

C. The Judgment submitted by the City and its Mayor is approved in all respects and entered forthwith.

D. The necessity for an immediate resolution of this case makes it appropriate for a Rule 54(b) finding with respect to the ancillary decree. The Court expressly finds and determines that there is no just reason for delay and it directs that the Order now be entered as a final Judgment and be effective upon its entry.

### JUDGMENT AS TO THE CITY OF CHICAGO AND ITS MAYOR

Plaintiffs Michael L. Shakman and Paul M. Lurie have filed their First Amended Complaint, as supplemented, on behalf of themselves and the classes they represent as determined by previous Order of Court. The First Amended Complaint, as supplemented, alleges that defendants violated plaintiffs' rights by illegally conditioning, basing and affecting the obtaining and maintaining of governmental employment upon political sponsorship, affiliation, and support.

On May 5, 1972, this Court entered a Consent Judgment with respect to, among others, the City of Chicago and its Mayor, prohibiting the conditioning, basing or affecting any term or aspect of governmental employment (with respect to persons once hired) upon or because of any political reason or factor. That Consent Judgment retained jurisdiction for the parties to continue to litigate the question of whether political sponsorship or other political considerations may be taken into account in hiring employees. It also retained jurisdiction to enable the parties to apply to the Court for further orders and directions for the carrying out of the provisions of the 1972 Consent Judgment and to enforce compliance with its provisions, as well as to determine which governmental employment positions should be exempt from its provisions.

On September 24, 1979, this Court granted plaintiffs' Motion for Partial Summary Judgment and entered extensive findings of fact and conclusions of law, finding basically that various defendants, including the City of Chicago, illegally conditioned, based and affected the hiring of persons for governmental employment upon and because of their political sponsorship, affiliation and support. This Court held an evidentiary hearing, and received extensive memoranda with respect to the form of relief to be provided for the violations of plaintiffs' rights as determined by that decision.

This Judgment is entered to provide relief for the violations of plaintiffs' rights as determined in the decision of September 24, 1979, and to prevent further such violations of plaintiffs' rights. It is also entered to carry out and implement the 1972 Consent Judgment.

The purposes of this Judgment are to eliminate the conditioning, basing or affecting of employment with the City of Chicago on political reasons or factors while maintaining the ability of the elected officials of the City lawfully to establish, manage and direct the policies and affairs of the City.

This Judgment goes no further than to attempt to eliminate political considerations in the hiring of non-exempt Governmental Employees; it does not impose a civil service system nor does it necessitate that a merit system be utilized.

NOW, THEREFORE, it is Ordered, Adjudged and Decreed as follows:

A. *Jurisdiction.* This Court has jurisdiction of the parties to this Judgment and of the subject matter of this action under Sections 1331 and 1343(3) of Title 28 of the United States Code.

B. *Definitions.* As used in this Judgment (1) the term "Governmental Employ-

ment" means any employment (whether full-time or part-time, permanent or temporary, and regardless of whether the employment is paid for by Federal funds) by or for the City of Chicago, or any other non-federal governmental office or entity under the direction and control of the City of Chicago; (2) the terms "Governmental Employee" and "Employee" mean a person employed in Governmental Employment; (3) the term "Exempt Position" means a Governmental Employment job, which is determined to be exempt from the provisions of Paragraphs D and E of the 1972 Consent Judgment and Paragraphs D through M, inclusive, of this Judgment, all as provided in Paragraph N below; and (4) the term "1972 Consent Judgment" means the Judgment previously entered in this case upon the consent of plaintiffs and various defendants on May 5, 1972.

C. *Persons Bound.* The provisions of this Judgment apply to the CITY OF CHICAGO; HAROLD WASHINGTON, individually and as Mayor of the City of Chicago; his successors as Mayor; the present and future officers, agents, servants, employees and attorneys of the City of Chicago, its Mayor and others named or referred to in this paragraph; and all others in active concert or participation with the City of Chicago, its Mayor or others named or referred to in this paragraph who receive actual notice of this Judgment, by personal service or otherwise.

·D. *Declaratory Relief.* It is declared that the conditioning, basing or affecting the hiring of Governmental Employees (other than for Exempt Positions) upon or because of any political reason or factor including, without limitation, any prospective employee's political affiliation, political support or activity, political financial contributions, promises of such political support, activity or financial contributions or such prospective employee's political sponsorship or recommendation is prohibited.

E. *Injunction.* The City of Chicago, its Mayor and all others named or referred to in Paragraph C above are permanently en-joined from directly or indirectly, in whole or in part:

(1) conditioning, basing or knowingly prejudicing or affecting the hiring of any person as a Governmental Employee (other than for Exempt Positions), upon or because of any political reason or factor including, without limitation, any prospective employee's political affiliation, political support or activity, political financial contributions, promises of such political support, activity or financial contributions, or such prospective employee's political sponsorship or recommendation; or

(2) knowingly inducing, aiding, abetting, participating in, cooperating with the commission of any act which is proscribed by this Paragraph E, or threatening to commit any act proscribed by this Paragraph E.

F. *Plan of Compliance.* The City of Chicago shall, not later than 120 days from the date this Judgment becomes effective, file with the Court, with copies to all parties to this Judgment, a Plan of Compliance to implement this Judgment.

The Plan of Compliance shall set forth in detail a method or methods of hiring to be used for all Governmental Employment positions (other than Exempt Positions) with the City of Chicago. Each such method of hiring shall establish criteria for hiring which shall establish on an objective basis that the method complies with Paragraphs D and E above. The method or methods of hiring set forth in the Plan of Compliance shall be within the discretion of the City of Chicago, as long as the method or methods comply with the requirements of this Judgment.

The Plan of Compliance shall also provide for the instruction of persons having responsibility for hiring as to the requirements of this Judgment and the Plan of Compliance and shall provide for the monitoring of compliance with this Judgment and the Plan of Compliance.

Should plaintiffs conclude that the Plan of Compliance of the City of Chicago is not in compliance with this Judgment, or is

inadequate to ensure compliance with this Judgment, they may apply to the Court for further orders to enforce compliance, including directing changes in the Plan of Compliance. Within one year of the date this Judgment becomes effective, the City of Chicago shall implement the Plan of Compliance as so filed and as it may be so changed.

The Plan of Compliance may contain provisions providing for the means by which hiring methods may be changed, consistent with this Judgment, and shall provide for appropriate notice to be given the parties of such proposed changes.

G. *Notices of Job Availability.* The City of Chicago and all others named or referred to in Paragraph C above are permanently enjoined from hiring any person for any Governmental Employment position (except for Exempt Positions and except, as provided below, for emergency hiring) unless prior public notice of the opportunity to apply for and be hired for the job has been given, as provided in this Paragraph G. This requirement shall apply to hiring of persons after a date 60 days after this Judgment becomes effective.

During the period of ten years after this Judgment becomes effective, the method of giving notice shall be as provided by this Paragraph, unless an alternative method is approved by the Court. The notice shall be given at least fourteen days before the last date for which applications may be submitted for consideration for the job. [In instances in which the City of Chicago establishes a list of persons eligible to be hired for a particular position, and hires persons for the position solely from that list, it is sufficient for the City of Chicago to have given the required notice at least 14 days prior to the time in which to file an application for the position and no additional notice need be given as persons are hired for the position from among the persons placed on the list of eligible applicants pursuant to the notice.] The notice shall include a description of the nature of the job, the qualifications, the pay, and how and where to apply for the job. The notice shall be given in the following manner:

(1) by prominently posting the notice for inspection by the general public at the main office of the Department of Personnel of the City of Chicago and at at least eight additional geographically distributed City of Chicago facilities. (A list of all such available job opportunities with the City of Chicago shall similarly be posted. The list must be updated at least monthly. Copies of the list and of all such notices shall be provided free of charge to each person who requests a copy in person); and

(2) by mailing copies of the list of available job opportunities to each organization or person who shall have requested receiving such lists by mail. (The City of Chicago may provide in its Plan of Compliance for a charge to organizations or persons requesting lists by mail of a reasonable fee to cover costs of so distributing the list.)

The Plan of Compliance may make provision for establishing reasonable limits on the period during which a person shall be entitled to continue to receive by mail lists of job opportunities after having most recently requested the notice.

The Plan of Compliance may make reasonable provisions for hiring persons in exceptional, emergency situations without prior notice having been given as provided in this paragraph. Any such provision shall contain rigorous limitations on the number of persons who may be so hired in a year. The Plan of Compliance shall also provide for regular reports to the Court of instances in which such emergency hiring was made, setting forth the reasons why it was an emergency situation, including why it was not possible to have made arrangements by which the hiring could have been made upon prior notice.

The Plan of Compliance may make reasonable provision, with respect to positions which are to be filled by promotions of persons already employed as Employees of the City of Chicago, for notices to be given

only to Employees eligible for the promotion.

H.  *Notice of List of Jobs.* The City of Chicago shall cause to be published, at least once each calendar quarter for a period of ten years following the date this Judgment becomes effective, in the "help wanted" section of a Chicago daily newspaper having a circulation of greater than 200,000, a prominent notice of the existence and availability of the list described in Subparagraph G(1), stating where the list is available for public inspection, stating where copies may be obtained in person and stating also how persons may receive copies of the list by mail.

I.  *Notice to Employees.* The City of Chicago shall cause a copy of the Notice which is attached to this Judgment to be delivered within 30 days of the date this Judgment becomes effective to each Governmental Employee of the City of Chicago.

J.  *Notice to Job Applicants.* The City of Chicago is directed, for a period of ten years, following the date this Judgment becomes effective, to cause a copy of the Notice referred to in Paragraph I, to be delivered to each applicant for employment with the City of Chicago. The Notice shall be delivered to each applicant at the time he or she applies for the Governmental Employment position.

K.  *Posting of Judgment.* A copy of this Judgment and a copy of the Notice referred to in Paragraph I shall be prominently posted at each place where persons may make applications for employment with the City of Chicago. Copies of this Judgment and such notice shall remain so posted for a period of ten years following the date this Judgment becomes effective. A notice similarly posted shall state that a copy of the notice referred to in Paragraph I is available to any person who requests them.

L.  *Affidavits of Compliance.* The City of Chicago shall cause to be filed with the Clerk of this Court within 45 days of the date this Judgment becomes effective an affidavit showing compliance with Paragraph I. The City of Chicago shall cause to be filed with the Clerk of this Court prior to the last day of each calendar quarter, beginning with the year in which this Judgment becomes effective and ending ten years after that year, an affidavit showing compliance with Paragraphs G, H, I, J and K for the period since the last date covered by the most recent affidavit. These quarterly affidavits shall list the name and position of all persons hired since the most recent such affidavit (or, in the case of the first affidavit, since the date this Judgment becomes effective) by the City of Chicago, other than for an Exempt Position. The affidavits shall also disclose the name and party position of every person or organization, reasonably known to officials of the City of Chicago with the responsibility for hiring the Employee to be a political party organization which, or an official or agent of a political party organization who, has, as reflected by a writing known to such official of the City of Chicago, recommended or sponsored the Employee for Governmental Employment, other than for an Exempt Position. Nothing in this paragraph shall require any person to make any inquiry as to any person's political affiliation.

M.  *Annual Reports.* In each of the years 1984 through 1993, inclusive, the City of Chicago shall file a verified report (prior to March 1 of the year), with copies to all parties to this Judgment, detailing all steps taken in the preceding year to implement the Plan of Compliance referred to in Paragraph F and otherwise to comply with this Judgment and also stating all changes in methods of hiring persons for Governmental Employment made since the last date covered by the last such report or, in the case of the first report, since the date this Judgment becomes effective.

N.  *Exempt Positions.* The Governmental Employment positions under the control of the City of Chicago as listed in the attached Schedule of Exempt Positions are positions exempt from this Judgment and the 1972 Consent Judgment.

The City of Chicago may from time to time add positions to or delete positions from part G of the Schedule of Exempt Positions, provided that the total number of

jobs on part G of the Schedule, as so amended from time to time, shall not exceed the number initially on part G of the Schedule and provided further that the total number of jobs added to the Schedule in any year shall not exceed 10% of the initial number of jobs on part G of the Schedule. However, each position so added to part G of the Schedule must be a position which involves policy to such a degree or is so confidential in nature with regard to policy that employment decisions concerning the positions are required to be exempt from inquiry under this Judgment and the 1972 Consent Judgment. Any such amendment to part G of the Schedule shall, prior to becoming effective, be filed with the Clerk of this Court and served on each counsel of record in this case. The City of Chicago shall at all times maintain available for public examination an updated Schedule of Exempt Positions.

O. *Consent Judgment.* The 1972 Consent Judgment remains in full force and effect. This Judgment represents the disposition, as to the City of Chicago and its Mayor, of the claims as to which jurisdiction was retained under Paragraph H(1) of the 1972 Consent Judgment. This Judgment is also entered under Paragraph H(2) of that 1972 Consent Judgment.

P. *Jurisdiction Retained.* Jurisdiction is retained for the following purposes:

(1) To enable the parties to this Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of the 1972 Consent Judgment and this Judgment, for the enforcement of compliance with the provisions contained in the 1972 Consent Judgment and this Judgment, and for remedy for the violation of any of those provisions. Application to enforce those provisions or to remedy any violation, may be presented to this Court by any registered voter. Prior written notice of all such applications and other matters in this action shall be given to the named parties to this Judgment;

(2) To enable the parties to this Judgment to apply at any time for modifications to the requirements of Paragraphs F through M of this Judgment, which modifications shall be warranted by good cause and consistent with or necessary for the implementation of Paragraphs D and E;

(3) To determine whether provisions of this Judgment which by their terms may expire upon a term of years should be extended for a further period;

(4) To enable the parties to this Judgment, at anytime within 2 years of the effectiveness of this Judgment, upon the occurrence of a material change in factual circumstances, to apply for a modification of Paragraph N of this Judgment as may be necessary in order to achieve the purposes of this Judgment;

(5) To enable the parties to this Judgment to apply for a modification of the Schedule of Exempt Positions as may be necessitated by a material change, from the date of the effectiveness of this Judgment, in the total number of positions with the City of Chicago which involve policy to such a degree or are so confidential in nature with regard to policy that employment decisions concerning the positions are required to be exempt from inquiry under this Judgment and the 1972 Consent Judgment; and

(6) To determine the amount of plaintiffs' costs and attorneys' fees. Defendants shall pay plaintiffs' costs and attorneys' fees if so determined by Court order.

Q. *Effectiveness.* The Court expressly finds and determines, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay. Finality of this Judgment is important to protect the rights of the parties. It directs that this Judgment now be entered as a final judgment and be effective upon its entry.

IT IS SO ORDERED.

SCHEDULE OF EXEMPT POSITIONS

A. Each elected official.

B. One private secretary to each elected official.

C. Employees of the City Council (but only, except upon approval of the Court, employees performing functions of the same kind as presently performed by the employees of the City Council).

D. Each member of a board or commission including those whose appointment is subject to confirmation by the City Council.

E. Each executive head of a department whose appointment is subject to confirmation by the City Council.

F. Administrative assistants to the Mayor and additional employees of the Office of the Mayor who are appointed by the Mayor (but not any employees performing functions performed as of the date of the effectiveness of this Judgment by employees in other offices, boards, commissions or departments of the City of Chicago). This includes, but is not limited to, the Mayor's press office and offices of special events and intergovernmental affairs.

G. The following additional positions (except as indicated, one job for each position title listed):

### ANIMAL CONTROL

| TITLE CODE | JOB TITLE |
| --- | --- |
| 3493 | Operations Manager Animal Control |
| 0308 | Staff Assistant |
| 9650 | Executive Director (Animal Care and Control) |

### ARCHITECTURAL LANDMARKS

| TITLE CODE | JOB TITLE |
| --- | --- |
| 1742 | Deputy Director – Landmarks Commission |
| 0809 | Executive Secretary I |
| 9634 | Director, Landmarks Commission |

### AVIATION

| TITLE CODE | JOB TITLE |
| --- | --- |
| 0207 | Director of Aviation Finance |
| 1191 | Contract Administrator |
| 1304 | Supervisor of Personnel Services |
| 5638 | Supervisor of Maintenance Construction |
| 7001 | Superintendent of Operations |
| 7012 | Assistant Airport Manager – O'Hare |
| 7019 | General Manager of Maintenance – O'Hare |
| 7020 | General Manager of Operations – O'Hare |
| 7041 | Assistant Superintendent of Operations |
| 7042 | Administrative Assistant to Airport Manager |
| 7053 | Director of Airport Administrative Services |
| 7057 | Director of Aviation Security |
| 7061 | Director of Aviation Policy Analysis |
| 7062 | Director of Aviation Property Management |
| 7059 | Director of Aviation Planning |
| 7060 | Director of Aviation Development |
| 7092 | First Deputy Commissioner of Aviation |
| 7094 | Deputy Commissioner of Aviation   (3) |
| 0312 | Director of Airport Concessions |
| 0313 | Assistant Commissioner |

| TITLE CODE | JOB TITLE |
|---|---|
| 0338 | Director of Management Services |
| 7013 | Airport Manager – Meigs |
| 7014 | Airport Manager – Midway |
| 7015 | Airport Manager – O'Hare |
| 7031 | Airport Operations Manager – O'Hare |
| 7040 | General Superintendent of Utility Systems |
| 7009 | Assistant Commissioner of Aviation   (3) |
| 0308 | Staff Assistant   (4) |
| 0809 | Executive Secretary I   (2) |
| 0810 | Executive Secretary II   (3) |
| 7064 | Asst. to Commissioner of Aviation |

## OFFICE OF BUDGET AND MANAGEMENT

| TITLE CODE | JOB TITLE |
|---|---|
| 1124 | Assistant Budget Director   (3) |
| 9656 | Deputy Budget Director   (2) |
| 0323 | Manager of Community Development Administration |
| 1107 | Principal Budget Analyst   (6) |
| 1147 | Data Services Administrator |
| 0301 | Administrative Assistant I   (2) |
| 0302 | Administrative Assistant II |
| 0303 | Administrative Assistant III |
| 0810 | Executive Secretary II   (2) |
| 1103 | Budget Analyst   (2) |
| 1105 | Senior Budget Analyst   (5) |
| 1127 | Management Systems Specialist |
| 1232 | Management Specialist |
| 1302 | Administrative Services Officer II |
| 1311 | Employee Compensation Technician I   (2) |
| 1312 | Employee Compensation Technician II |

## BUILDING BD APPEALS

| TITLE CODE | JOB TITLE |
|---|---|
| 0301 | Administrative Asst. I |
| 0308 | Staff Assistant |

## CABLE COMMUNICATIONS

| TITLE CODE | JOB TITLE |
|---|---|
| 3894 | Director of Planning |
| 0345 | Contract Coordinator   (3) |
| 0706 | Assistant Cable Administrator |
| 0302 | Administrative Asst. II |
| 0380 | Dir. of Administration I |
| 0729 | Information Coordinator |
| 0809 | Executive Secretary I |
| 0810 | Executive Secretary II |
| 1751 | Coord. of Prog. Services & Evaluation |

## CHICAGO PUBLIC LIBRARY

| TITLE CODE | JOB TITLE |
|---|---|
| 0517 | District Chief   (4) |
| 0595 | Chief of Public Information |
| 1343 | Director of Library Personnel |
| 4550 | Director of Library Maintenance and Security |
| 9861 | Commissioner of Chicago Public Library |
| 0508 | Assistant Commissioner of the Chicago Public Library |
| 0510 | Assistant Commissioner for Extension Services |
| 0513 | Director, Cultural Center |
| 0586 | Director of Library Financial Development |
| 0587 | Director of Library Planning & Building Programs |
| 9862 | Deputy Commissioner of Chicago Public Library   (2) |
| 9863 | Deputy Commissioner for the Chicago Library System |
| 0199 | Director of Library Finance |
| 0387 | Director of Staff Services |
| 0514 | Regional Library Director   (2) |
| 0595 | Chief of Public Information |
| 1343 | Director of Library Personnel |
| 0303 | Administrative Assistant III   (2) |
| 0308 | Staff Assistant   (4) |
| 0524 | Asst. to the Commissioner   (2) |
| 0809 | Executive Secretary I   (2) |
| 0810 | Executive Secretary II |

## CITY CLERK

| TITLE CODE | JOB TITLE |
|---|---|
| 0315 | Deputy City Clerk |
| 1453 | Director of System Planning |
| 0809 | Executive Secretary I |

## CITY TREASURER

| TITLE CODE | JOB TITLE |
|---|---|
| 9673 | Deputy City Treasurer |
| 0303 | Administrative Assistant III   (2) |
| 0308 | Staff Assistant |

## CONSUMER SERVICES

| TITLE CODE | JOB TITLE |
|---|---|
| 2069 | Director of Analytical Services |
| 3057 | Director of Program Services |
| 2459 | Deputy Commissioner – Enforcement |
| 9803 | First Deputy Commissioner Consumer Services |
| 0342 | Director of Administrative and Fiscal Services |
| 2068 | Director of Energy and Environmental Programs |
| 2385 | Assistant Director of Consumer Protection |
| 2012 | Director of Engineering and Enforcement Services |
| 2480 | Assistant Director of Consumer Services |
| 2458 | Deputy Commissioner – Public Vehicle Operations |
| 9806 | Deputy Commissioner Consumer Services |
| 9855 | Special Assistant – Administration |
| 2384 | Director of Consumer Protection |

| TITLE CODE | JOB TITLE |
|---|---|
| 0303 | Administrative Assistant III |
| 0308 | Staff Assistant (4) |
| 0810 | Executive Secretary II |

## DATA CENTER

| TITLE CODE | JOB TITLE |
|---|---|
| 1102 | Assistant Director of Data Processing |
| 1161 | Manager of Data Center Systems |
| 1162 | Manager of Data Center Operations |
| 1134 | Assistant Manager of Data Center Systems (2) |
| 1152 | Assistant Manager of Operations (3) |
| 0303 | Administrative Assistant III |
| 1106 | Data Base Analyst II |
| 1108 | Data Base Analyst III (2) |
| 1146 | Data Base Administrator |
| 1191 | Contract Administrator |
| 9765 | Director of Data Processing |

## ECONOMIC DEVELOPMENT COMMISSION

| TITLE CODE | JOB TITLE |
|---|---|
| 9662 | Deputy Commissioner of Economic Development (5) |
| 9679 | Deputy Commissioner |
| 0313 | Assistant Commissioner (3) |
| 1752 | Economic Development Coordinator (3) |
| 0302 | Administrative Assistant II (2) |
| 0306 | Asst. to the Director |
| 0308 | Staff Assistant (2) |
| 0318 | Asst. to the Commissioner |
| 0809 | Executive Secretary I |
| 1603 | Director of Land Acquisition and Disposition |
| 9658 | Commissioner of Economic Development |

## MAYOR'S OFFICE OF EMPLOYMENT AND TRAINING

| TITLE CODE | JOB TITLE |
|---|---|
| 0126 | Financial Officer |
| 0324 | Director of Grants Administration |
| 0333 | Director of Management Services |
| 1416 | Director of Manpower Planning & Program Management |
| 1434 | Director of Program Information |
| 1484 | Director of Monitoring Services |
| 2960 | Deputy Director – MET (2) |
| 0341 | Supervisor of Grants Administration |
| 0305 | Assistant to the Director (2) |
| 0306 | Assistant to the Director |
| 0308 | Staff Assistant |
| 0809 | Executive Secretary I (2) |
| 2963 | Assistant to the Mayor for Employment and Training |

## FINANCE

| TITLE CODE | JOB TITLE |
|---|---|
| 0108 | First Managing Deputy Comptroller |
| 0111 | Deputy Comptroller – Operations |

| TITLE CODE | JOB TITLE |
|---|---|
| 0134 | Asst. Comptroller – Debt Mgmt. |
| 0137 | Asst. Comptroller – Pension Management |
| 0166 | Asst. Comptroller – Special Accounting |
| 0170 | Asst. Comptroller – Auditing |
| 0184 | Asst. Comptroller – Real Estate |
| 0210 | Managing Deputy Comptroller – Administration |
| 0211 | Managing Deputy Comptroller – Accting. |
| 0212 | Managing Deputy Comptroller – Revenue |
| 0249 | Asst. Comptroller – Insurance |
| 0250 | Asst. Comptroller – Gen. Funds |
| 0251 | Asst. Comptroller – Enterprise Funds |
| 0253 | Asst. Comptroller – Payroll |
| 0254 | Deputy Comptroller – Revenue |
| 0256 | Deputy Asst. Comptroller – Revenue |
| 0258 | Asst. Comptroller – Collections |
| 0259 | Asst. Comptroller – License Tax |
| 1101 | Asst. Compt. – Systems & Procedures |
| 0113 | Deputy Assistant Comptroller – Operations |
| 0141 | Deputy Assistant Comptroller – Financial Policy |
| 1111 | Director of Information Services |
| 1112 | Chief Supervisor of Operations |
| 0302 | Administrative Assistant II |
| 0303 | Administrative Assistant III   (2) |
| 0306 | Asst. to the Director |
| 0308 | Staff Assistant   (8) |
| 0809 | Executive Secretary I |
| 0810 | Executive Secretary II |
| 0109 | Deputy Comptroller – Accounting |
| 0112 | Deputy Assistant Comptroller – Accounting |
| 0131 | Assistant Comptroller – Receivable |
| 0135 | Assistant Comptroller – Cash Management |
| 0136 | Assistant Comptroller – Contract Management |
| 0140 | Deputy Comptroller – Financial Policy |
| 0165 | Assistant Comptroller – Financial Operations |
| 0171 | Assistant to City Comptroller |
| 0172 | Assistant Comptroller for Financial Systems |
| 0182 | Assistant to the Comptroller – Special Accounting |
| 0183 | Assistant to the Comptroller – Financial Auditing |
| 0252 | Assistant Comptroller – Disbursements |
| 0255 | Deputy Comptroller – Assets |
| 0257 | Deputy Assistant Comptroller – Assets |

## COUNCIL ON FINE ARTS

| TITLE CODE | JOB TITLE |
|---|---|
| 0305 | Assistant to the Director |
| 0358 | Director of Arts Development |
| 0729 | Information Coordinator |
| 3057 | Director of Program Operations |
| 9650 | Executive Director (Council on Fine Arts) |

## FIRE

| TITLE CODE | JOB TITLE |
|---|---|
| 9703 | First Deputy Fire Commissioner – Operations |
| 9702 | Deputy Fire Commissioner   (4) |

| TITLE CODE | JOB TITLE |
|---|---|
| 0308 | Staff Assistant   (4) |
| 0809 | Executive Secretary I   (4) |
| 0810 | Executive Secretary II   (3) |
| 3367 | Medical Director C.F.D. |

## GRAPHICS & REPRODUCTION

| TITLE CODE | JOB TITLE |
|---|---|
| 0698 | Asst. Dir. of Graphics and Reproduction Center |
| 0308 | Staff Assistant |
| 0699 | Director of Graphic Service |

## HEALTH

| TITLE CODE | JOB TITLE |
|---|---|
| 0306 | Assistant to the Director |
| 0309 | Coordinator of Special Projects   (2) |
| 0340 | Director of Management and Operations |
| 0361 | Director of Personnel Policies and Utilization |
| 0366 | Director – Community Education |
| 0729 | Information Coordinator |
| 1304 | Supervisor of Personnel Services |
| 1855 | Director of Procurement and Inventory Control |
| 3092 | Program Director |
| 3422 | Director of Health Education |
| 3425 | Chief of Environmental Health |
| 3440 | Director of Quality Assurance and Professional Standards |
| 3461 | Administrative Director of Mental Health Division |
| 3483 | Administrative Director – Bureau of Health Services |
| 9687 | Commissioner of Health |
| 1140 | Chief Operations Research Analyst |
| 1179 | Manager of Finance |
| 2904 | Director of Research – Health |
| 0305 | Assistant to the Director |
| 0308 | Staff Assistant   (4) |
| 0384 | Special Assistant to the Commissioner of Health |
| 0809 | Executive Secretary I   (2) |
| 0810 | Executive Secretary II   (6) |
| 3568 | Administrative Dir. – Bureau Health Regulations |
| 3646 | Director of Health Education Programs |
| 3757 | Director of Institutional Care |
| 3758 | Director of Public Health Nursing |
| 9645 | Deputy Commissioner of Health – Mental Health |
| 9686 | Deputy Commissioner of Health   (3) |
| 3440 | Director of Quality Assurance and Professional Standards |
| 3543 | Deputy Director of Alcoholic Assistance Services (Facility Administrator) |
| 3562 | Director – Psychological Services |
| 3566 | Assistant Director of Mental Health Division |
| 0126 | Financial Officer |
| 0311 | Assistant Coordinator of Special Projects |
| 0341 | Supervisor of Grants Administration |
| 1117 | Director of Health Information Services |
| 3363 | Physician (City Physician) |

## HEALTH SYSTEMS AGENCY

| TITLE CODE | JOB TITLE |
|---|---|
| 1492 | Director of Project Review and Implementation |
| 3044 | Director – Community Resources |
| 9650 | Executive Director (Health Systems Agency) |
| 0705 | Dir. – Public Affairs |
| 1431 | Dir. of Health Systems Planning |
| 1470 | Deputy Dir. – HSA |
| 3044 | Director – Community Resources |
| 3048 | Assistant Director – Community Resources |

## HOUSING

| TITLE CODE | JOB TITLE |
|---|---|
| 0152 | Director of Financial Controls |
| 0201 | Deputy for Finance and Administration |
| 0313 | Assistant Commissioner   (3) |
| 3942 | Director of Field Operations |
| 9679 | Deputy Commissioner   (3) |
| 9802 | First Deputy Commissioner of Housing |
| 1432 | Director – Planning |
| 2961 | Director of Housing Services |
| 3875 | Director of Finance |
| 3883 | Assistant Director of Finance |
| 0303 | Administrative Assistant III   (2) |
| 0308 | Staff Assistant   (2) |
| 0318 | Asst. to the Commissioner |
| 0809 | Executive Secretary I   (7) |
| 0810 | Executive Secretary II |
| 1937 | Asst. to Commissioner |
| 0309 | Coordinator of Special Projects |
| 0791 | Director of Neighborhood Housing Support |
| 1440 | Coordinating Planner II |
| 1749 | Director of Program Services |
| 1905 | Director of Relocation |
| 1906 | Director of Program Management and Site Clearance |
| 1949 | Director of Rehabilitation Construction |
| 1989 | Director of Loan Processing |
| 3096 | Director of Fair Housing |

## HUMAN RELATIONS

| TITLE CODE | JOB TITLE |
|---|---|
| 0809 | Executive Secretary I |
| 9741 | Director of Human Relations |

## HUMAN SERVICES

| TITLE CODE | JOB TITLE |
|---|---|
| 0309 | Coordinator of Special Projects |
| 2986 | Assistant Director – Family Services |
| 3026 | Director of Youth Services |
| 3950 | Director of Administrative Service |
| 2901 | Dir. – Research |

| TITLE CODE | JOB TITLE |
|---|---|
| 2903 | Dir. – Community Services |
| 2976 | Exec. Asst. to Commissioner |
| 3829 | Director of Agency Liaison Service |
| 3859 | Director of Finance HS |
| 3874 | Director of Children Services |
| 3881 | Director of Manpower |
| 3942 | Director of Field Operations |
| 9707 | First Deputy Commissioner of Human Services |
| 9860 | Deputy Commissioner – HS   (2) |
| 3949 | Assistant Executive Director – Administration |
| 3817 | Director of Urban Progress Center   (7) |
| 3068 | Deputy Director of Community Services |
| 0308 | Staff Assistant   (2) |
| 0809 | Executive Secretary I |
| 0810 | Executive Secretary II   (2) |
| 3556 | Assistant to Director – HS |
| 3803 | Assistant to the Commissioner – HS |

## INSPECTIONAL SERVICES

| TITLE CODE | JOB TITLE |
|---|---|
| 0316 | Coordinator of Special Projects |
| 0729 | Information Coordinator |
| 2121 | District Director   (5) |
| 2123 | Assistant Director of Conservation Inspections   (2) |
| 0313 | Assistant Commissioner |
| 0379 | Director of Administration |
| 1280 | Director of Licensing Registration and Permits |
| 2122 | Director of Conservation Inspections |
| 2144 | Director of Technical Inspections |
| 2146 | Director of Home Owners Assistance Program |
| 9625 | Deputy Commissioner – Inspectional Services   (2) |
| 2145 | Assistant Director of Technical Services |
| 1775 | Records Administrator   (2) |
| 0305 | Assistant to the Director |
| 0308 | Staff Assistant   (2) |
| 0809 | Executive Secretary I   (3) |
| 0810 | Executive Secretary II |
| 2120 | Asst. to the Commissioner of Inspectional Services |

## LAW

| TITLE CODE | JOB TITLE |
|---|---|
| 1639 | First Deputy Corporation Counsel   (2) |
| 1650 | Deputy Corporation Counsel   (2) |
| 1652 | Chief Assistant Corporation Counsel   (6) |
| 9020 | Chief Legal Warrant Officer |
| 1679 | Assistant Director of Legal Investigation   (2) |
| 1680 | Director of Legal Investigation |
| 1641 | Senior Attorney – Supervisor   (4) |
| 1644 | Administrative Asst. – Corp. Counsel |
| 0862 | Legal Stenographer   (5) |
| 0863 | Legal Secretary   (2) |
| 0864 | Senior Legal Stenographer   (9) |

## LICENSE APPEAL COMM.

| TITLE CODE | JOB TITLE |
| --- | --- |
| 0308 | Staff Assistant |

## LOCAL LIQUOR CONTROL

| TITLE CODE | JOB TITLE |
| --- | --- |
| 0303 | Administrative Assistant III |
| 0805 | Secretary (2) |

## OFFICE OF MUNICIPAL INVESTIGATION

| TITLE CODE | JOB TITLE |
| --- | --- |
| 1253 | Assistant Director (3) |
| 0810 | Executive Secretary II |
| 9650 | Executive Director (Office of Municipal Investigation) |

## MUNICIPAL REFERENCE LIBRARY

| TITLE CODE | JOB TITLE |
| --- | --- |
| 0580 | Deputy Municipal Reference Librarian |
| 0303 | Administrative Assistant III |
| 9640 | Municipal Reference Librarian |

## DEPT. OF NEIGHBORHOODS

| TITLE CODE | JOB TITLE |
| --- | --- |
| 1432 | Dir. – Planning |
| 3057 | Dir. of Program Operations |
| 9770 | First Deputy Commiss. of Neighborhoods |
| 9860 | Deputy Commiss. – HS |
| 9710 | Deputy Commissioner of Neighborhoods (2) |
| 0342 | Director of Administrative & Fiscal Services |
| 0308 | Staff Assistant (5) |
| 0809 | Executive Secretary I (2) |
| 0810 | Executive Secretary II |
| 1731 | Coordinator of Program Services |

## DEPARTMENT OF PERSONNEL

| TITLE CODE | JOB TITLE |
| --- | --- |
| 1328 | Manager of Records and Information Mangmt. Srvrs. |
| 1331 | Employee Relations Supervisor |
| 3083 | Affirmative Action Coordinator |
| 1375 | Deputy Commissioner of Personnel (3) |
| 9696 | First Deputy Commissioner of Personnel |
| 1317 | Manager of Recruitment and Career Counseling Service |
| 1337 | Director of Systems and Administration |
| 0302 | Administrative Asst. II |
| 0386 | Asst. to Commissioner of Personnel |
| 0810 | Executive Secretary II (3) |
| 1333 | Employee Relations Coordinator |
| 1337 | Director of Systems and Administration |

## PLANNING

| TITLE CODE | JOB TITLE |
|---|---|
| 0309 | Coordinator of Special Projects   (2) |
| 1304 | Supervisor of Personnel Services |
| 1440 | Coordinating Planner II   (9) |
| 1943 | Director of Development |
| 5740 | Director of Graphic Arts |
| 0313 | Asst. Commissioner   (2) |
| 9679 | Deputy Commissioner   (5) |
| 0809 | Executive Secretary I   (4) |
| 0810 | Executive Secretary II   (2) |

## POLICE

| TITLE CODE | JOB TITLE |
|---|---|
| 0342 | Director of Administrative and Fiscal Services |
| 0757 | Deputy Director of News Affairs |
| 1108 | Data Base Analyst III – Police |
| 1129 | Manager of Police Data Systems |
| 1130 | Manager of Police Operations |
| 1154 | Assistant Director of Data Processing – Police |
| 1731 | Coordinator of Program Services   (3) |
| 9756 | Executive Assistant |
| 9781 | First Deputy Superintendent |
| 9782 | Deputy Superintendent   (5) |
| 0308 | Staff Assistant   (5) |
| 0810 | Executive Secretary II   (7) |
| 3370 | Medical Director C.P.D. |

## PUBLIC SAFETY

| TITLE CODE | JOB TITLE |
|---|---|
| 9769 | Deputy Director of Public Safety |
| 9315 | Assistant Director of Public Safety |
| 0810 | Executive Secretary II |

## PURCHASING

| TITLE CODE | JOB TITLE |
|---|---|
| 1554 | Assistant Purchasing Agent |
| 3098 | Coordinator of Contract Compliance |
| 1556 | Deputy Purchasing Agent   (2) |
| 0809 | Executive Secretary I   (2) |
| 0810 | Executive Secretary II |

## PUBLIC WORKS

| TITLE CODE | JOB TITLE |
|---|---|
| 0388 | Manager of Navy Pier |
| 2928 | Supervisor of Project Development |
| 4549 | Assistant Director of Buildings Management |
| 5904 | Administrative Engineer of PW |
| 5934 | Assistant Commissioner of Public Works |
| 5937 | Engineer of Public Works |
| 5990 | Manager of Skyway |

| TITLE CODE | JOB TITLE |
|---|---|
| 0313 | Assistant Commissioner |
| 0387 | Dir. of Staff Services |
| 5444 | Asst. City Architect |
| 4547 | Dir. of Buildings Management |
| 5657 | Chief Construction Engineer |
| 5921 | Asst. Chief Engineer |
| 5926 | City Engineer |
| 5936 | First Deputy Comm. of Public Works |
| 5938 | Deputy Commissioner of Public Works   (4) |
| 6274 | Engineer of Traffic Planning |
| 6275 | Engineer of Traffic Operations |
| 9695 | City Architect |
| 1327 | Supervisor of Personnel Administration |
| 1454 | Director of Project Development |
| 1455 | Director of Programming |
| 4516 | General Superintendent of Building Repair |
| 5635 | Right-of-Way Engineer |
| 5654 | Engineer of Construction |
| 5660 | Chief Airport Design Engineer |
| 5661 | Chief Water Design Engineer |
| 5662 | Chief Sewer Design Engineer |
| 5664 | Chief Environ. Design Engineer |
| 5682 | Chief Transportation Engineer |
| 5683 | Chief Transit Engineer |
| 5961 | Supervisor of Project Control |
| 6277 | City Traffic Engineer Planning |
| 6278 | City Traffic Engineer Operations |
| 0318 | Asst. to the Commissioner   (3) |
| 0809 | Executive Secretary I   (8) |
| 0810 | Executive Secretary II |
| 0303 | Administrative Asst. III |

## SENIOR CITIZENS

| TITLE CODE | JOB TITLE |
|---|---|
| 3010 | Director of Grants Management |
| 3027 | Director – Senior Citizens |
| 0343 | Dir. – Finance and Administration |
| 2913 | Deputy Director – Senior Citizens |
| 3004 | Dir. of Planning – Senior Citizens |
| 3057 | Dir. of Programs Operations |
| 0305 | Asst. to the Director |

## SEWERS

| TITLE CODE | JOB TITLE |
|---|---|
| 1580 | Supervisor of Contracts |
| 0313 | Assistant Commissioner |
| 5675 | Assistant Chief Engineer of Sewers   (3) |
| 5676 | Chief Engineer of Sewers |
| 5978 | Assistant to the Commissioner of Sewers |
| 0303 | Administrative Assistant III |
| 0302 | Administrative Assistant II   (2) |

## DEPARTMENT OF STREETS AND SANITATION

| TITLE CODE | JOB TITLE |
|---|---|
| 9680 | Deputy Commissioner |
| 8277 | Deputy Commissioner of Streets and Sanitation   (9) |
| 8177 | Assistant General Superintendent of Sanitation   (6) |
| 0313 | Assistant Commissioner   (4) |
| 0379 | Director of Administration |
| 5046 | Superintendent of Electrical Wiring and Communications |
| 5617 | Engineer Bd. of Local Improvements |
| 7932 | General Superintendent of Forestry and Parkways |
| 8179 | General Superintendent of Sanitation |
| 8182 | Deputy General Superintendent of Sanitation |
| 8275 | First Deputy Commissioner of Streets and Sanitation |
| 8276 | Superintendent of Streets |
| 8278 | First Assistant Commissioner of Streets and Sanitation |
| 8280 | Deputy Commissioner of Administration Services, SR |
| 0152 | Dir. of Financial Controls |
| 5047 | Supt. of Police/Fire Elec. Communications   (3) |
| 5670 | Engineer of Sidewalk Programs |
| 5678 | Engineer of Streets |
| 5818 | Engineer of Electricity |
| 6073 | Engineer of Sanitation |
| 8289 | Dir. of Construction Compliance – Streets |
| 0307 | Assistant Commissioner of Streets and Sanitation |
| 1749 | Director of Program Services |
| 5848 | Superintendent of Construction |
| 7924 | Assistant General Superintendent of Forestry and Parkways   (3) |
| 7932 | General Superintendent of Forestry and Parkways |
| 8290 | Director of Environmental Services |
| 0854 | Secretary Bd. of Underground Utils. |
| 8279 | Deputy Commissioner For Community Services |
| 8173 | Ward Superintendent (57) to be reduced to 50 |
| 8175 | Division Superintendent   (5) |
| 0308 | Staff Assistant   (3) |
| 0385 | Asst. to the Commissioner of Streets and Sanitation   (2) |
| 0809 | Executive Secretary I   (7) |
| 0810 | Executive Secretary II   (2) |
| 7926 | Superintendent of Forestry |

## DEPT OF WATER

| TITLE CODE | JOB TITLE |
|---|---|
| 5976 | Assistant Commissioner of Water   (2) |
| 8375 | Assistant Gen. Supt. of Water Distrib.   (4) |
| 1144 | Director of Operational and Inform. Services |
| 5647 | Director of Water Quality Surveillance |
| 0302 | Administrative Assistant II   (2) |
| 0303 | Administrative Assistant III   (2) |
| 0308 | Staff Assistant   (2) |
| 0809 | Executive Secretary I   (2) |
| 0810 | Executive Secretary II |
| 5566 | Engineer of Water Purification (Mgr. of Filtration Plants) |
| 6087 | Engineer of Water Pumping |
| 0245 | Deputy Supt. of Water Collection |

| TITLE CODE | JOB TITLE |
|---|---|
| 0246 | Supt. of Water Collection |
| 0343 | Dir. – Finance and Administration |
| 5556 | Deputy Commiss. of Water Operations |
| 5688 | Engineer of Water Distribution |
| 5691 | Asst. Chief Water Engineer   (2) |
| 5693 | Chief Water Engineer |
| 6556 | Superintendent of Water Meters |
| 9697 | First Deputy Commiss. of Water |
| 9772 | Deputy Commissioner of Water Services |
| 3875 | Director of Finance |
| 5690 | Water Engineer   (3) |

**ZONING**

| TITLE CODE | JOB TITLE |
|---|---|
| 0810 | Executive Secretary II |
| 1298 | Assistant Zoning Administrator |

**ZONING BOARD OF APPEALS**

| TITLE CODE | JOB TITLE |
|---|---|
| 0306 | Assistant to the Director |
| 1297 | Chief Zoning Examiner |

---

## IMPORTANT NOTICE

TO: ALL EMPLOYEES AND JOB AP-
PLICANTS—CITY OF CHICAGO

On _____, 1983, a Judgment was entered in the United States District Court for the Northern District of Illinois in the case of *Michael L. Shakman et al. v. The Democratic Organization of Cook County, etc.,* No. 69 C 2145. The Judgment was entered upon the consent of the City of Chicago and its Mayor and the plaintiffs, and upon the Court's approval. Copies of the Judgment are available at _____.

*Prohibited Activity*

The Judgment contains a permanent injunction against the City of Chicago from conditioning, basing or affecting the hiring of any employee (except for certain Exempt Positions) upon any political reason or factor. HIRING MUST NOT BE BASED UPON OR AFFECTED BY THE PROSPECTIVE EMPLOYEE'S POLITICAL AFFILIATION, POLITICAL SUPPORT OR ACTIVITY, POLITICAL FINANCIAL CONTRIBUTION, PROMISES OF SUCH POLITICAL SUPPORT, ACTIVITY OR FINANCIAL CONTRIBUTION. Nor may hiring be based upon or affected by the

prospective employee's political sponsorship or recommendation.

*Plan*

The Judgment also requires the City to adopt, to file with the Court and to implement a Plan of Compliance to ensure that the provisions of the injunction are met.

*Applicability*

The Judgment applies to the City of Chicago and its Mayor. It also applies to the successors in office to the present Mayor, to all of the agents and employees of the City of Chicago and to all others who receive notice of the Judgment and who are in active concert or participation with any of the other persons to whom it applies.

*Violations*

VIOLATIONS OF THE JUDGMENT MAY CONSTITUTE CONTEMPT OF COURT AND MAY BE PUNISHABLE BY FINE OR IMPRISONMENT.

Any registered voter is entitled to bring complaints concerning any violations of the Judgment before the United States District Court.

*Exempt Positions*

The Judgment provides for certain jobs to be exempt from the Judgment. Persons holding an Exempt Position are to be notified of that fact by the City. A list of Exempt Positions may be obtained from _____.

*Notice of Job Openings*

The Judgment also requires that public notice of the availability of City jobs (other than for Exempt Positions and for certain emergency situations) be given. The method of giving notice is set forth in the Judgment.

No person may be hired for a non-exempt City job, except in the specified emergency situations, unless notice of the job has been given as specified in the Judgment.

*Prior Judgment*

A previous Consent Judgment in the case, entered in 1972, remains in effect. It prohibits discharging or otherwise affecting or basing any term or aspect of governmental employment with regard to a person *once hired* upon any political reason or factor. The positions which are exempted from the hiring Judgment as described above are also exempted from the provisions of the Consent Judgment entered in 1972.

Dated _____, 1983.

_____
Judge of the
United States District Court

### ORDER

Defendants City of Chicago and Harold Washington, individually and as Mayor of the City of Chicago, have moved the Court to enter a Judgment in this case to supplant the Judgment of April 4, 1983 as to them. Plaintiffs have consented to that Motion. The Motion seeks that this Court schedule a hearing on whether to enter the proposed Judgment, and that the Court establish procedures for that hearing, all pursuant to the Federal Rules of Civil Procedure.

IT IS ORDERED THAT:

1. A hearing shall be held at ____ a.m. on _____, 1983, before this Court, for the purpose of determining whether the Court should grant the Motion and enter the proposed Judgment, all as set forth in the Notice of Hearing which is attached to this Order. That form of Notice and the manner of giving the Notice, as provided in this Order, fully comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure as applied to the circumstances in this case.

2. The Notice of Hearing shall be published at least once, prior to _____, 1983, in the *Chicago Tribune* or the *Chicago Sun-Times*.

3. The Court finds that extensive and substantial newspaper, television and radio publicity has been given this case, and a prior notice was given as to the entry of the Consent Judgment in 1972.

4. The City of Chicago shall bear the costs of giving the Notice of Hearing.

## NOTICE OF HEARING OF PROPOSED ENTRY OF JUDGMENT IN CLASS ACTION

TO: ALL INDEPENDENT CANDIDATES, VOTERS AND TAXPAYERS OF COOK COUNTY, ILLINOIS

Defendants City of Chicago and Harold Washington, individually and as Mayor of the City of Chicago, have filed a Motion with the Court to enter a Judgment as to those defendants to supplant and modify the Judgment entered on April 4, 1983. Plaintiffs Michael L. Shakman and Paul M. Lurie, individually and on behalf of the classes of independent candidates, voters and taxpayers whom they represent in this case, have consented to that Motion and entry of the proposed Judgment. The proposed Judgment would resolve remaining issues in the case between plaintiffs and the City of Chicago and its Mayor. A hearing will be held, as described below, on _____, 1983, at ____ ___.m., by the Court to consider whether to grant the Motion and to enter the proposed Judgment. This Notice of Hearing is given pursuant to the Federal Rules of Civil Procedure, including Rule 23, and an Order of this Court.

In this case the plaintiffs have filed their First Amended Complaint, alleging that various defendants, including the City of Chicago and its Mayor, violated plaintiffs' rights by illegally conditioning, basing and affecting the obtaining and maintaining of governmental employment upon political sponsorship, affiliation and support.

The case has been brought by the named plaintiffs in the case on behalf of themselves and the classes of independent candidates, voters and taxpayers in Cook County, Illinois. The Court has approved the maintaining of this case as a class action on behalf of those plaintiff classes.

On May 5, 1972, this Court entered a Consent Judgment with respect to, among others, the City of Chicago and its Mayor, prohibiting the conditioning, basing or affecting any term or aspect of governmental employment (with respect to persons once hired) upon or because of any political reason or factor. That Consent Judgment retained jurisdiction for the parties to continue to litigate the question of whether political sponsorship or other political considerations may be taken into account in hiring employees. It also retained jurisdiction to enable the parties to apply to the Court for further orders and directions for the carrying out of the provisions of the Consent Judgment and to enforce compliance with its provisions, as well as to determine which governmental employment positions should be exempt from its provisions.

On September 24, 1979, this Court granted plaintiffs' Motion for Partial Summary Judgment and entered extensive findings of fact and conclusions of law, finding basically that in hiring persons for governmental employment, various defendants, including the City of Chicago, illegally conditioned, based and affected the hiring of persons for governmental employment upon and because of their political sponsorship, affiliation and support. This Court held an evidentiary hearing and received extensive memoranda with respect to the form of relief to be provided for the violations of plaintiffs' rights as determined by that decision.

On April 4, 1983, the Court entered its judgment providing for relief with respect to the hiring violations. That judgment allows the City to apply for exemptions to the decree and made provision for certain Interim Exemptions. The City of Chicago and its mayor have filed a Notice of Appeal from the Order of April 4, 1983.

If the proposed Judgment is approved by the Court, it would be entered and become effective immediately. The proposed Judgment would supplant the Judgment of April 4, 1983, as regards the City of Chicago and its Mayor. The Appeal of the City of Chicago would then be dismissed by the City of Chicago.

### The Proposed Judgment

The proposed Judgment closely follows the provisions of the Judgment of April 4,

1983. It also makes provision for exemptions from its provisions and the provisions of the 1972 Consent Judgment for a number of Exempt Positions.

### Prohibited Activity

The proposed Judgment would contain a permanent injunction against the City of Chicago from conditioning, basing or affecting the hiring of any employee (except for Exempt Positions) upon any political reason or factor. Hiring could not be based upon or affected by the prospective employee's political affiliation, political support or activity, political financial contribution, promises of such political support, activity or financial contribution. Nor could hiring be based upon or affected by the prospective employee's political sponsorship or recommendation.

### Plan

The proposed Judgment would require the City of Chicago to adopt, to file with the Court and to implement a Plan of Compliance to ensure that the provisions of the Judgment are met.

### Applicability

The proposed Judgment would apply to the City of Chicago and its Mayor. It would also apply to the successors in office to the present Mayor, to all of the agents and employees of the City of Chicago and to all others who receive notice of the Judgment and who are in active concert or participation with any of the other persons to whom it applies.

### Violations

Any registered voter would be entitled to bring complaints concerning any violations of the proposed Judgment before the United States District Court.

### Notices of Job Openings

The proposed Judgment would require that public notice of the availability of City jobs (other than for Exempt Positions and for certain emergency situations) be given.

No person could be hired for a non-exempt City job, except in the specified emergency situations, unless notice of the job has been given as specified in the proposed Judgment.

### Exempt Positions

The proposed Judgment provides for certain jobs to be exempt from the Judgment. The Exempt Positions are listed in a Schedule of Exempt Positions and include, among others, the executive heads of City departments, certain employees of the Mayor's Office, employees of the City Council and approximately 800 additional positions. The proposed Judgment also would allow the City of Chicago from time to time, and within certain limits, to change the Schedule of Exempt Positions without increasing the number of Exempt Positions.

### Prior Judgment

The previous Consent Judgment in the case, entered in 1972, would remain in effect. The positions which are exempted from the proposed Judgment as described above would also be exempt from the provisions of the Consent Judgment entered in 1972.

Plaintiffs' claims for costs and attorneys' fees have neither been settled nor dismissed but jurisdiction would be retained for further determination by the Court.

Pursuant to an order of the Court, a hearing will be held in Room 2119 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois at ____ a.m. on _____, 1983, for the purpose of determining whether the proposed Judgment should be entered by the Court. Any member of any of the plaintiff classes may appear at the hearing with respect to that issue. No such person shall be heard, except by special permission by the Court, unless such person files a statement in writing with the Court prior to 3:00 p.m. on _____, 1983, and showing receipt of copies of the statement by Michael Shakman, 208 South LaSalle Street, Suite 1200, Chicago, Illinois 60604, and James Montgomery, Corporation Counsel, City of Chicago, Room 510, City Hall, Chicago, Illinois 60602. The written statement shall contain, in addition to an explanation of the substance of the statement, the name, ad-

dress and telephone number of each person filing the statement and of the person's attorney (if any) and also the nature of the person's interest in the case. Any person who does not file the statement in this manner shall be deemed to have waived, and shall be forever foreclosed from making, any objection to the fairness, reasonableness or adequacy of this outcome in the case.

This Notice necessarily contains only a summary of the facts, issues and status of the case. This Notice is not intended as a substitute for an examination of the court record. The court record, including the judgments and all pleadings, orders and other papers filed in the case, may be examined and copies made at the Office of the Clerk of the United States District Court for the Northern District of Illinois, 20th Floor of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. Reference is also made to the opinion of the United States Court of Appeals for the Seventh Circuit rendered in this case, *Shakman v. Democratic Organization of Cook County*, 435 F.2d 267 (1971), and the September 24, 1979 opinion of the District Court in this case at 481 F.Supp. 1315 (1979).

Copies of the proposed Judgment are available from Mr. Shakman or Mr. Montgomery at the addresses listed above.

## ORDER RETAINING JURISDICTION AS TO CITY EXEMPTIONS

By its entry of a Judgment on June 20, 1983, in this case, as to the City of Chicago and its Mayor, a number of City jobs have been listed in Part G of a Schedule of Exempt Positions. The Judgment provides, among other things, that discharge of persons holding the jobs so listed is exempt from inquiry under the 1972 consent Judgment in this case.

The Judgment of June 20, 1983, was entered upon the Motion of the City. The plaintiffs consented to that Motion. Notice was given and after a hearing was held, the Court concluded that this resolution of the case was fair, reasonable and adequate with respect to the rights of the plaintiff class.

By this Order, the Court retains jurisdiction to consider petitions requesting, for good cause, that particular positions listed in Part G should be deleted from the Schedule and to give such other relief as may be appropriate. Such petitions may be filed only by persons currently holding a position on the exempt list who shall have been discharged or demoted from, or are notified seven days in advance of the City's intention to discharge or demote them from, the jobs. Any such petition must be filed within ninety days of the City's action.

No action taken with respect to any position while it remains on the Schedule shall be considered contempt of this Court under the 1972 Consent Judgment.

Except in cases of emergency, prior to discharging or demoting any current employee listed on the Part G of the Schedule of exempt positions, the City of Chicago shall give seven days notice to such employee of its intention so to act unless the employee voluntarily waives such notice.

Nothing herein contained shall prevent any city employee listed on Part G from bringing an independent cause of action, either during the three-year period or thereafter, litigating his or her First Amendment rights with respect to discharge, or whether their position shall be exempt from constitutional protections.

A copy of this Order shall be delivered by the City to each employee holding a position listed in Part G.

Jurisdiction retained under this Order shall apply only to petitions filed within three years of this date.

IT IS SO ORDERED.