Phyllis MICELI, Plaintiff,

v.

The CITY OF CHICAGO, et al., Defendants.

No. 84 C 3197.

United States District Court, N.D. Illinois, E.D.

Sept. 5, 1984.

William T. Donahue, David G. Wilkins, Strauss, Sulzer, Shopiro & Wilkins, Ltd., Chicago, Ill., for plaintiff.

James D. Montgomery, Corp. Counsel, City of Chicago, Chicago, Ill., Joseph G. Bisceglia, Jonathan K. Baum, Jenner & Block, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

The instant matter was brought under *Shakman v. Democratic Organization of Cook County,* 569 F.Supp. 177 (N.D.Ill. 1983) (*Shakman III*) seeking a declaration that the position from which plaintiff was terminated should not be designated as exempt from the constraints of the 1972 consent decree entered in *Shakman v. Democratic Organization of Cook County, reprinted in Shakman v. Democratic Organization of Cook County,* 481 F.Supp. 1315, 1356 app. (N.D.Ill.1979) (*Shakman I*) and requesting this Court to find the defendants in violation of *Shakman I* for the termination of plaintiff. Before the Court is the defendants' Motion to Dismiss plaintiff's complaint. For the reasons stated herein, defendants' Motion to Dismiss is granted.

On September 22, 1983, plaintiff Miceli was informed that effective September 30, 1983, she would be terminated from her employment with the City of Chicago as a Staff Assistant to the Fire Commissioner. Plaintiff's former position is among those listed as exempt from the constraints of *Shakman I,* subject to this Court's review, under Schedule G of *Shakman III,* 569

F.Supp. at 196. Under *Shakman III,* an individual who believes he or she has been terminated from a Schedule G exempt position for political reasons in violation of *Shakman I* must first apply for review of the classification of the position as exempt. Such application must be filed within ninety days of the City's action. 569 F.Supp. at 207. Plaintiff did not file the instant suit until April 13, 1984, nearly two hundred days after she was terminated. Defendant has thus moved to dismiss the action claiming that this Court's jurisdiction over the review of the classification of the position as exempt has expired.

Plaintiff contends that her failure to file within the ninety-day time limit is excusable. Assuming, *arguendo,* that the failure to file within the time limit may be excused, the Court cannot agree with plaintiff's position.

Plaintiff states that when she was terminated, she received no notice of her *Shakman* rights. Never having received a reason for the termination, Miceli wrote Mayor Harold Washington seeking an explanation. A few days later, plaintiff was interviewed by Michael Holewinski of the Mayor's staff who told her he would obtain an alternative position for her. Such a position, in the Department of Health, was subsequently offered to plaintiff; however, because she felt that the position was unsuitable as it would involve a loss of seniority and constitute, in effect, a demotion, Miceli rejected the offer. Miceli states that she was then informed by Holewinski that another suitable position would be found for her. In addition, a supervisor in the Department of Health told Miceli to wait until after the first of the year before taking action so that he could find a suitable position for her.

Around this time, plaintiff obtained the advice of two attorneys who told her that a lawsuit would not be fruitful, particularly in light of the City's apparent willingness to find her another position. Thereafter, sometime in October, 1983, Miceli learned, apparently for the first time, that her ter-

mination was politically motivated. However, plaintiff claims, it was not until sometime in December, 1983 that she became aware she could challenge her firing under *Shakman.*

The above scenario does not reveal facts which would excuse the delayed filing of the instant suit. First, although plaintiff claims that she was unaware of the reasons for her termination at the time she was fired, by her own admission she clearly learned of the political motivation behind the City's acts and of her *Shakman* rights within the ninety-day period.[1] In addition, even if she relied on the representations of the various City officials that a suitable position would be found for her by the first of the year, once January 1, 1984 came and went, it should have been apparent that no position to plaintiff's liking would be found for her. Nevertheless, this suit was filed in excess of ninety days after the first of the year.

Viewed from any reasonable date on which the ninety-day period could be viewed to have started, the instant suit is untimely. Even assuming that the ninety-day period is not absolute and could be deemed to begin running after the termination, the instant suit was filed too late for the Court to consider the propriety of the classification of plaintiff's former position as exempt. The defendants' Motion to Dismiss is therefore granted.

IT IS SO ORDERED.

1. The Court questions the credibility of plaintiff's claim that she was unaware of her *Shakman* rights until December, 1983, in light of the fact that specific notice of *Shakman III* and the

listing of exemptions therein was given to all City employees upon the entry of such order. *See Shakman,* 569 F.Supp. 177, 203–204 (N.D.Ill. 1983).