Michael L. **SHAKMAN** and Paul. M. Lurie, et al., Plaintiffs,

v.

The **DEMOCRATIC ORGANIZATION OF COOK COUNTY,** et al., Defendants.

No. 69 C 2145.

United States District Court, N.D. Illinois, E.D.

April 18, 1985.

See also, D.C., 508 F.Supp. 1059, D.C., 508 F.Supp. 1063.

C. Richard Johnson, Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs.

Richard M. Daley, State's Atty. of Cook County by Randolph T. Kemmer, Asst. State's Atty., Chicago, Ill., for defendants Elrod, Rosewell, Kusper, Hynes, Dunne, and Daley.

Jerome H. Torshen, James T. Ryan, Greenberger, Krauss & Jacobs, Chtd., Chicago, Ill., for defendant Forest Preserve Dist. of Cook County.

Jerome H. Torshen, Peter Fitzpatrick, Chicago, Ill., for The Democratic Party County Central Committee for Cook County and Edward R. Vrdolyak.

## ORDER

BUA, District Judge.

The following defendants have filed motions to alter or amend the Court's April 4, 1983 judgment in this cause: Democratic Party County Central Committee for Cook County and its members; Edward R. Vrdolyak; Forest Preserve District of Cook County; Richard J. Elrod; Edward J. Rosewell; Stanley T. Kusper, Jr.; Thomas C. Hynes and George W. Dunne. 569 F.Supp. 177. For the reasons stated below, defendants' motions are granted in part and denied in part.

Defendants' misinterpretation of the Decree does not warrant reconsideration or amendment of the April 4 Judgment Order. First, the injunctive provisions of the Court's judgment are neither vague nor overbroad. The Decree does not inhibit anyone's voluntary political activities, but rather the judgment simply provides that, for non-exempt jobs, a person's lawful political activity, or lack of such activity, is to have nothing to do with getting or keeping a job. Neither does the Decree impose a civil service system as defendants contend. *See* Judgment Order dated April 4, 1983, at 2 ("The Judgment goes no further than to attempt to eliminate political considerations in the hiring of government employees. It does not impose a civil service system nor does it necessitate that a merit system be utilized.") Second, defendants' argument that the Decree improperly excludes party leaders from any role in the hiring process

is without merit. Although the Decree does prohibit the existing system by which hiring decisions are delegated to ward and township committeemen, the Decree does not prohibit party leaders from disseminating public information concerning job openings, referring people to employment offices of the defendants, or even from recommending persons about whom they have specific job related information. The Decree simply prohibits hiring which gives political recommendations more weight than other relevant recommendations (including recommendations of rival political groups). Third, defendants argue that the Decree is overbroad because it applies to "all others in active concert or participation with defendants...." Defendants' argument, however, is without merit since the language of the Decree is taken verbatim from Rule 65(d) of the Federal Rules of Civil Procedure.

Defendants' objections to the reporting requirements of the Decree are similarly without merit. Given the long history of the patronage hiring practices in issue here, the requirement that there be, for a limited period, a report on all politically recommended hiring is an entirely reasonable monitoring device. The Decree does not prohibit any hiring of such persons. The Decree does, however, enable the parties to determine if politically recommended hiring occurs to such an extent as to question the general compliance with the provisions of the decree. This reporting provision of the Judgment is vital for there to be adequate monitoring of compliance with the Decree, without detailed judicial supervision of hiring systems. The provisions are modest and reasonable requirements.

Notwithstanding defendants' argument to the contrary, the enforcement provisions of the judgment are not overly broad. Defendants argue that registered voters should not be allowed to enforce the Decree. This provision of the decree, however, serves to enable the protected classes of persons to enforce the decree. By allowing enforcement actions to be brought by registered voters, the Decree provides a

means for the protected classes to enforce the Decree while maintaining privacy as to how one casts one's ballot.

Neither are the provisions of the Decree for interim exemptions inappropriate. The Judgment provides that the Court's jurisdiction is retained to determine which positions should be exempt from the Decree. Exemptions are necessary in order to ensure that prevailing candidates are able lawfully to direct the policies of the governmental office to which they are elected. The Decree provides for interim exemptions from its provisions, until defendants establish which positions need permanently to be exempted. For the County officers, the Decree provides exemptions for private secretaries, executive heads of departments and, in total, up to 125 additional positions. The additional positions are to be designated by the governing board of the County, its Board of Commissioners. This technique of dealing with exemptions for County officers was necessitated precisely because those officers defaulted in requesting exemptions from the decree. No County officer has ever filed a petition for a single position to be exempt. In light of the County officers' failure to seek exemptions, the provisions of interim exemptions are eminently reasonable. Likewise, the Central Committee's argument that the number of interim exemptions is too small is without merit in light of defendants' failure to petition the Court for additional interim exemptions.

Defendant Forest Preserve District's contention that it has been denied an opportunity to defend itself is frivolous. Defendants' argument that the Court erred in granting plaintiffs summary judgment on liability is equally without merit.

Finally, three minor aspects of the Court's April 4, 1983 Judgment are amended as follows:

In Paragraph C of the April 4, 1983 Judgment Order, the following defendants are deleted: City of Chicago; Jane M. Byrne, individually and as Mayor of the City of Chicago; Chicago Park District; Richard J. Elrod, individually and as Sheriff of Cook County, Illinois; Morgan M. Finley, individually and as Clerk of the Circuit Court of Cook County, Illinois; Edward J. Rosewell, individually and as Treasurer of Cook County, Illinois. These defendants have entered into separate consent judgments.

(1) In Paragraph L, line 13, of the April 4, 1983 Judgment Order, the word "member" is deleted. Since any person who votes in an Illinois primary is technically a "member" of a political party, it will be sufficient to require defendants to submit affidavits of compliance which report all direct or indirect recommendations or sponsorships from "a political party official, employee or agent."

(2) In Paragraph M of the April 4, 1983 Judgment Order, the phrase "years 1983 through 1992" is amended to read "years 1984 through 1992."

For all of the above reasons, defendants' motions to alter or amend judgment are granted in part and denied in part.

IT IS SO ORDERED.